SHORT RECORD

11-1326

Filed 2/10/11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 02 C 6998 |
| | ) | Hon. William J. Hibbler, |
| DARRYL LAMONT JOHNSON, | ) | Judge Presiding |
| Defendant-Movant. | ) | |

## GOVERNMENT'S NOTICE OF APPEAL

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby gives notice of appeal to the United States Court of Appeals for the Seventh Circuit from the judgment of the District Court, entered December 16, 2010, granting defendant's motion under 28 U.S.C. § 2255.

Respectfully Submitted,

PATRICK J. FITZGERALD,
United States Attorney

By:    /s/ David E. Bindi
DAVID E. BINDI
Assistant U.S. Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 886-7643

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 02 C 6998 |
| | ) | Hon. William J. Hibbler, |
| DARRYL LAMONT JOHNSON, | ) | Judge Presiding |
| Defendant-Movant. | ) | |

**GOVERNMENT'S DOCKETING STATEMENT**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following docketing statement pursuant to Circuit Rule 3(c):

This is the government's appeal from the judgment of the district court granting defendant's motion under 28 U.S.C. § 2255.

Defendant's federal convictions, and sentences of death, were affirmed by the Court of Appeals for the Seventh Circuit on August 3, 2000. *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000). Certiorari was denied on October 1, 2001. *Johnson v. United States*, 534 U.S. 829 (2001).

On September 30, 2002, defendant filed a motion under § 2255 to vacate, set aside, or correct his federal sentences. The district court had jurisdiction pursuant to 28 U.S.C. § 2255(a). On December 13, 2010, the district court issued a memorandum opinion and order granting the § 2255 motion. A judgment, dated December 13, 2010, was entered on December 16, 2010.

The government's notice of appeal was filed February 10, 2011. The Court of Appeals for the Seventh Circuit has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

Defendant is incarcerated at USP Terre Haute, under sentence of death.

Respectfully Submitted,

PATRICK J. FITZGERALD,
United States Attorney

By:     /s/ David E. Bindi
DAVID E. BINDI
Assistant U.S. Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 886-7643

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:     02cv6998

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| USA/Appellant | | Darryl Lamont Johnson/Appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | David E. Bindi | Name | Terence H. Campbell |
| Firm | USAO | Firm | Cotsirilos, Tighe & Streicker |
| Address | 219 South Dearborn Suite 500 Chicago, IL 60604 | Address | 33 North Dearborn St. Suite 600 Chicago, IL 60602 |
| Phone | 312-353-5300 | Phone | 312-263-0345 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Hibbler | Date Filed in District Court | 9/30/2002 |
| Court Reporter | A. Roth     5038 | Date of Judgment | 12/16/2010 |
| Nature of Suit Code | 510 | Date of Notice of Appeal | 2/10/2011 |

COUNSEL:          Appointed [X]          Retained [ ]          Pro Se [ ]

FEE STATUS:          Paid [ ]          Due [ ]          IFP [ ]

                     IFP Pending [ ]          U.S. [X]          Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?          Yes [ ]          No [x]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]          Denied [ ]          Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

MHN

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6998 | **DATE** | 12/13/2010 |
| **CASE TITLE** | UNITED STATES of AMERICA v. DARRYL LAMONT JOHNSON | | |

**DOCKET ENTRY TEXT:**

Enter Memorandum Opinion and Order. The Court GRANTS Defendant-Movant's motion to vacate his sentence [1]. All other motions are terminated as moot.

■[For further details see separate order(s).]                                           Docketing to mail notice and AO-450.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff-Respondent, )
) No. 02 C 6998
    v. )
) The Honorable William J. Hibbler
)
DARRYL LAMONT JOHNSON, )
)
    Defendant-Movant. )
)

## MEMORANDUM OPINION AND ORDER

In 1997, a jury convicted Darryl Lamont Johnson for ordering the murder of a person assisting in a federal criminal investigation and ordering the murder of that person and another in furtherance of a continuing criminal enterprise, among 41 other counts. The jury later concluded that death was the appropriate sentence. The Seventh Circuit denied Johnson's appeal and the Supreme Court denied his petition for a writ of *certiorari*. *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000); *Johnson v. United States*, 534 U.S. 829, 122 S. Ct. 71, 151 L.Ed.2d 37 (2001).

Johnson then sought to set aside his sentence pursuant to 28 U.S.C. § 2255. In his petition, Johnson raised a number of claims, including a claim of ineffective assistance of counsel, a claim that the Government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), and a claim that his sentence was based on materially incomplete, false and/or inaccurate information in violation of the Eighth Amendment, *see Johnson v. Mississippi*, 486 U.S. 578, 584-86, 108 S. Ct. 1981, 1986-87, 100 L.Ed.2d 575 (1988). The Court denied Johnson's

1

§ 2255 motion, holding that he procedurally defaulted all three of the aforementioned claims because he failed to raise those claims in his direct appeal.

A few years after the initial ruling on Johnson's § 2255 motion, the Supreme Court announced its decision in *Massaro v. United States*. 538 U.S. 500, 509, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In *Massaro*, the Supreme Court held that a petitioner may bring an ineffective assistance of counsel claim in a collateral proceeding whether or not the petitioner could have raised the claim on direct appeal. *Id.* Consequently, the Court vacated the portion of its ruling concerning Johnson's ineffective assistance of counsel claim.[1] Following discovery, the parties provided the Court with supplemental briefing on the merits of that claim. In addition, Johnson moves the Court to once again address his *Brady* and *Johnson* claims based on what he believes to be changes in relevant law and facts. For the following reasons, the Court grants Johnson's § 2255 motion based on his ineffective assistance of counsel claim. The Court therefore vacates his death sentence and awards him a new sentencing hearing. In addition, Johnson's motion for consideration of his other claims is therefore moot.

## I.  Background

Johnson's ineffective assistance claim centers on trial counsel's efforts to convince the jury to impose a sentence of life imprisonment rather than one of death. At Johnson's sentencing, counsel presented evidence about the custodial options for housing him. In particular, Johnson presented evidence to suggest that if he were placed permanently in the control unit in ADX-Florence, where inmates are confined to their cells 23 hours per day and not allowed contact with other inmates, he

---

[1] Another judge in this district initially ruled on Johnson's § 2255 motion and the motion to reconsider pursuant to *Massaro*. The executive committee has since reassigned the case.

2

would have no opportunity to carry out a continuing criminal enterprise and his dangerousness to society would be mitigated.

In rebuttal, the Government called an expert, a Bureau of Prisons (BOP) warden, who had formerly served as Assistant Warden at ADX-Florence. That witness testified generally about what BOP placement was likely in Johnson's case. He testified that typically gang leaders like Johnson go to the general prison population, rather than some more restrictive setting. He also testified that even prisoners in strictly controlled environments had managed to commit crimes, including ordering the killing of other inmates. He stated that the BOP could not house prisoners in such strict conditions indefinitely. Finally, he claimed that prisoners cannot be directly assigned to the ADX-Florence control unit based solely on the offenses in the community. Instead, he said, the BOP could temporarily impose restrictions on an inmate, such as limited communication and association, if the inmate committed some infraction while in prison.

Not even one member of the jury accepted Johnson's proposed finding that he would not be "a serious and continuing danger to the society because the government has the power to imprison him for the rest of his life in a maximum security federal prison designed to control and monitor his behavior." The jury did find a number of aggravating factors, both statutory and non-statutory. In particular, the jury found that Johnson caused the killing after substantial planning and premeditation in the course of a continuing criminal enterprise that involved distribution of drugs to persons under the age of 21. It also found that he ordered the murder to obstruct justice by preventing the victim from testifying and caused harm to the victim's family. After its somewhat lengthy deliberations, the jury sentenced Johnson to death.

3

In Johnson's § 2255 motion, he argues that he was prejudiced by his trial counsel's failure to investigate the law and facts necessary to subject the Government's case on future dangerousness to meaningful adversarial testing. In short, Johnson suggests that trial counsel was ineffective in allowing the Government expert's testimony to go unrebutted.

Johnson argues that, contrary to the Government expert's testimony, there are laws which allow for the application of strict conditions of confinement for extended periods of time absent any infraction within prison in order to alleviate the risk a particular inmate poses to society. First, the BOP can control the conditions of confinement by employing Special Administrative Measures ("SAMs") authorized by 28 C.F.R. § 501.3(a). Second, courts can order restrictions on communication and association as part of a sentence pursuant to 18 U.S.C. § 3582(d). In fact, Johnson has presented evidence of a number of examples of such inmates in addition to those in his original motion.

## II. Standard of Review

In order to succeed on his claim of ineffective assistance of counsel, a § 2255 movant must meet both prongs of a test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984). First, he must show that his counsel's performance was deficient. *Id.* at 687, 104 S. Ct. at 2064. In this case, the Government concedes the point, agreeing with Johnson that his trial counsel did not effectively impeach the testimony of the Government's expert regarding Johnson's future dangerousness. Instead, the Government disputes only whether Johnson can satisfy the second prong of the *Strickland* test. Thus, Johnson must show that his counsel's deficient performance prejudiced his defense. *Id.* More specifically, he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

4

A "reasonable probability," for purposes of this standard, is "a probability sufficient to undermine confidence in the outcome" of the penalty phase of Johnson's trial. *Id.* The standard is lower than the more familiar "preponderance of the evidence" standard because an ineffective assistance claim "asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker." *Id.* However, Johnson must show more than that his counsel's errors "had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067.

## III. Analysis

In addition to conceding that Johnson's counsel was deficient, the Government conceded at the *certiorari* stage of Johnson's direct appeal that the testimony of the Government's expert was incomplete because he failed to mention 28 C.F.R. § 501.3 and 18 U.S.C. § 3582(d). The Government admitted that the testimony may have left the jury with the mistaken impression that neither the BOP nor the Court had the authority to impose certain restrictions on an inmate immediately upon sentencing. Nonetheless, the Government argues that Johnson cannot show that defense counsel's failure to impeach the witness on those matters created a reasonable probability that the jury would not have sentenced Johnson to death.

For a number of reasons, the Court rejects the Government's argument. First, the Court finds that the probability that the errors affected Johnson's sentence is higher in this case than in some because the errors were relevant to the issue of future dangerousness. The Court recognizes the importance of the fact that the jury in Johnson's case found a number of aggravating factors that did not relate to Johnson's future dangerousness. But the Court finds that future dangerousness, and the Government's ability to protect against it, is an especially important factor in death penalty cases generally, as well as in this case particularly.

5

On this point, the Government's closing argument from the penalty phase of Johnson's trial is telling. The Government devoted a significant portion of its arguments in closing and rebuttal to the issue of future dangerousness and the likelihood that Johnson could not be controlled in prison - perhaps more than to any other aggravating or mitigating factor. The Government's language on these points was strong and clear. The Government stated that "as long as [Johnson] has the ability to convey his orders to his followers, either on the street or in prison with him, nobody is safe; no witness, no witness's family, anybody who stands in his way, they are not safe. It doesn't matter where he is locked up." (Tr. 2593.) Moreover, the Government reiterated the admittedly incomplete and misleading testimony of its expert by stating, among other things, that Johnson would not be going to the control unit at ADX-Florence because federal regulations would not allow it. (Tr. 2645.) The Government's focus on these points suggests that it recognized the potential importance of this factor on the jury's decision in this case.

This conclusion also finds support in the empirical research on the subject. A number of studies suggest that future dangerousness is one of the most issues, if not the most significant, for juries deciding whether or not to sentence a defendant to death. *See, e.g.,* John H. Blume, et al., *Future Dangerousness in Capital Cases: Always "At Issue"*, 86 Cornell L. Rev. 397, 404 (2001); Stephen P. Garvey, *Aggravation and Mitigation in Capital Cases: What do Jurors Think?*, 98 Colum. L. Rev. 1538, 1559-60 (1998); Sally Costanzo & Mark Costanzo, *Life or Death Decisions: An Analysis of Capital Jury Decision Making Under the Special Issues Sentencing Framework*, 18 Law & Hum. Behav. 151, 160 (1994) ("[n]early all jurors [surveyed]...offered the observation that the penalty decision hinged on the issue of whether the defendant would pose a continuing threat to society").

6

Johnson also points to an analogous case that illustrates the importance that this factor can have on a jury. In that case, *United States v. Jones*, No. CR-96-458-WMN (D. Md.), a jury convicted Jones of ordering the murders of federal witnesses, including one while he was incarcerated in a federal prison. The *Jones* jury found a number of the same aggravating factors as the jury did in this case, including that he was a future danger and a "continuing and serious threat to society." However, seven members of the jury also found that:

> Any concern respecting future dangerousness of Anthony Jones is significantly reduced since the Federal Bureau of Prisons is empowered to classify a prisoner serving a life sentence without possibility of release to the highest security level federal prison, under conditions of confinement that eliminate any reasonable probability that the prisoner will be a continuing and serious threat to society.

The jury did not sentence Jones to death. Johnson notes that the jury in the *Jones* case heard testimony regarding the restrictive conditions that could be imposed on Jones and that had been imposed in another case.

The Government is right to note that the fact of every case and make-up of every jury varies, and that it would be wrong to assume that the jury would do the same in Johnson's case as the jury did in Jones's case if Johnson had effective assistance of counsel. But, the Government is notably silent in its brief on how the two cases are distinguishable. And the similarities between the facts of these two cases which have different results undermines the reliability of the result in Johnson's case further.

As discussed above, Johnson faces a relatively low burden in this case. Given that "it only takes one juror to nix a death sentence," *United States v. Johnson*, 223 F.3d 665, 670 (7th Cir. 2000), he only needs to show a reasonable probability that one juror would have changed his or her mind during the course of the lengthy deliberations in this case. Johnson has shown that his future dangerousness, the

7

factor admittedly affected by his counsel's errors, was likely an important factor in the jurors' minds, weighing heavily on the scale for measuring aggravating and mitigating factors. Given this showing, the Court finds that there is a reasonable probability that if Johnson had effective assistance of counsel, the jury would not have sentenced him to death. He has sufficiently undermined the reliability of the penalty phase of his trial. Thus, the Court GRANTS Johnson's § 2255 motion, VACATES his death sentence, and ORDERS that he be given a new hearing before a jury to determine his sentence.

IT IS SO ORDERED.

12/13/10

Dated

Hon. William J. Hibbler
United States District Court

8

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    02 C 6998 |
| DARRYL LAMONT JOHNSON | ) | |
| *Defendant* | ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❏  the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____ ), which includes prejudgment
interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

❏  the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)*
recover costs from the plaintiff *(name)*

X  other:    Respondent's motion to vacate his sentence is granted.

This action was *(check one)*:

❏  tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

❏  tried by Judge _____ without a jury and the above decision
was reached.

X  decided by Judge    William J. Hibbler    on a motion to    vacate sentence.

Date:    Dec. 13, 2010    Michael W. Dobbins, Clerk of Court

/s/ Jacquelyn H. Collier
Deputy Clerk

APPEAL, BROWN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.2 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:02-cv-06998
## Internal Use Only

USA v. Johnson
Assigned to: Honorable William J. Hibbler
Demand: $0
Case in other court: ND IL, :96-CR-00379
Cause: 28:2255 Remedies on motion attacking sentence

Date Filed: 09/30/2002
Date Terminated: 03/11/2003
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate
Sentence
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**United States of America**            represented by   **David E. Bindi**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: david.bindi@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Darryl Lamont Johnson**            represented by   **Terence H. Campbell**
Cotsirilos, Tighe & Streicker
33 North Dearborn Street
Suite 600
Chicago, IL 60602
(312) 263-0345
Email: tcwolfram@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lorinda Meier Youngcourt**
Lorinda Meier Youngcourt
Attorney at Law
P.O. Box 206
Huron, IN 47437
(812)849-9852
Email: lmyoungcourt@incrimlaw.org
*ATTORNEY TO BE NOTICED*

Case: 1:02-cv-06998 Document #: 117  Filed: 02/10/11 Page 16 of 25 PageID #:1455
Case: 11-1326    Document: 1-1    Filed: 02/10/2011    Pages: 25

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2002 | 1 | MOTION by defendant to vacate conviction and sentence and for new trial pursuant to 28 USC Section 2255 and Rule 33 of the Federal Rules of Criminal Procedure; Civil cover sheet (Documents 1-1 through 1-2) (Forwarded copy of motion to U.S. Attorney's Office) (hp) Modified on 10/01/2002 (Entered: 10/01/2002) |
| 09/30/2002 | 2 | ATTORNEY APPEARANCE for defendant by Terence H. Campbell and Lorinda Meier Youngcourt. (hp) (Entered: 10/01/2002) |
| 09/30/2002 | 3 | MOTION by defendant for leave to file oversized brief ; Notice (hp) (Entered: 10/01/2002) |
| 09/30/2002 | 4 | INITIAL MEMORANDUM by defendant in support motion [1-1] (One volume) (hp) (Entered: 10/01/2002) |
| 10/01/2002 | 5 | MINUTE ORDER of 10/1/02 by Hon. Suzanne B. Conlon : Defendant Darry Johnson's motion to vacate conviction and sentence and for new trial pursuant to 28 U.S.C. Section 2255 and Rule 33 of the Federal Rules of Criminal Procedure is taken under advisement. The government shall repond by 12/2/02; any reply shall be filed by 12/16/02. Defendant's motion to file an 18-page brief is granted [3-1]. The motions will not be heard on 10/8/02 as noticed. Mailed notices by judge's staff (cem) (Entered: 10/02/2002) |
| 11/14/2002 | 6 | MOTION by Government for extension of time to answer Section 2255 motion ; Affidavit of David Bindi; Notice (rmm) (Entered: 11/22/2002) |
| 11/21/2002 | 7 | EX PARTE MOTION by defendant for interim payment of attorney's fees ; Notice (rmm) (Entered: 11/22/2002) |
| 11/21/2002 | 8 | MINUTE ORDER of 11/21/02 by Hon. Suzanne B. Conlon: Government's unopposed motion for extension of time to answer Section 2255 motion is granted [6-1]. Government's response to petition [1-1] is extended to 1/31/03; any reply shall be filed by 2/14/03. No further extensions. Notices mailed by judge's staff (rmm) (Entered: 11/22/2002) |
| 01/31/2003 | 9 | RESPONSE by plaintiff to the motion to vacate judgment pursuant to 28 U.S.C. Section 2255 [1-1]; Notice. (cem) (Entered: 02/03/2003) |
| 02/03/2003 | 10 | MOTION by defendant for leave to conduct discovery ; Notice. (cem) (Entered: 02/07/2003) |
| 02/06/2003 | 11 | MINUTE ORDER of 2/6/03 by Hon. Suzanne B. Conlon : Defendant's motion for leave to conduct discovery [10-1] is taken under advisement. Government to respond by 2/14/03. Mailed notices by judge's staff (cem) (Entered: 02/07/2003) |
| 02/06/2003 | 12 | AGREED MOTION by defendant for short extension of time to file reply brief in support of his initial memorandum in support of his Section 2255 motion ; Notice. (cem) (Entered: 02/11/2003) |
| 02/11/2003 | 13 | MINUTE ORDER of 2/11/03 by Hon. Suzanne B. Conlon : Defendant's agreed motion for extension of time to file reply is granted [12-1]. |

| | | |
|---|---|---|
| | | Defendant's reply in support of his Section 2255 motion is extended to 2/28/03. No further extensions. Mailed notices by judge's staff (cem) (Entered: 02/12/2003) |
| 02/14/2003 | 14 | RESPONSE by plaintiff to the motion for leave to conduct discovery [10-1]; Notice. (cem) (Entered: 02/18/2003) |
| 02/24/2003 | 15 | AGREED MOTION by defendant for short extension of time to file reply brief in support of his initial memorandum in support of his Section 2255 ; Notice. (cem) (Entered: 03/04/2003) |
| 02/27/2003 | 16 | MINUTE ORDER of 2/27/03 by Hon. Suzanne B. Conlon : Defendant's agreed motion for extension of time to file reply is granted [15-1]. Defendant's reply in support of his Section 2255 motion is extended to 3/3/03. Final extension. Mailed notices by judge's staff (cem) (Entered: 03/04/2003) |
| 03/03/2003 | 17 | MOTION by defendant for leave to file brief oversized brief in support of his motion for relief under Section 2255 ; Notice. (cem) (Entered: 03/07/2003) |
| 03/06/2003 | 18 | MINUTE ORDER of 3/6/03 by Hon. Suzanne B. Conlon : Defendant's motion for leave to file oversized reply brief in support of his Section 2255 motion is granted [17-1]. Mailed notice (cem) (Entered: 03/07/2003) |
| 03/06/2003 | 19 | INITIAL REPLY by defendant in support of his motion to vacate conviction and sentence and for new trial pursuant to 28 U.S.C. Section 2255 [1-1] (Attachments); Notice. (cem) (Entered: 03/07/2003) |
| 03/11/2003 | 20 | MINUTE ORDER of 3/11/03 by Hon. Suzanne B. Conlon : Petitioner's motion to vacate conviction and sentence and for new trial pursuant to 28 U.S.C. Section 2255 and Rule 33 of the Federal Rules of Criminal Procedure [1-1] and petitioner's motion for leave to conduct discovery [10-1] are denied with prejudice as to grounds I-V and VII-VIII and without prejudice as to grounds VI. Entered Memorandum Opinion and Order. Terminating case . Mailed notices by judge's staff (cem) (Entered: 03/12/2003) |
| 03/11/2003 | 21 | ENTERED JUDGMENT (cem) (Entered: 03/12/2003) |
| 03/24/2003 | 22 | MOTION by petitioner for appointment and funding of expert (Attachments). (cem) (Entered: 03/28/2003) |
| 03/24/2003 | 23 | MOTION by petitioner to alter, amend and make clarifying findings concerning the 3/11/03 judgment in favor of the respondent , or alternative to stay the judgment ; Notice. (cem) (Entered: 03/28/2003) |
| 03/27/2003 | 24 | MINUTE ORDER of 3/27/03 by Hon. Suzanne B. Conlon : Petitioner's motion for appointment and funding of expert [22-1] and motion to alter, amend and make clarifying findings concerning the 3/11/03 judgment in favor of the respondent [23-1], or alternatively to stay the judgment [23-2] are taken under advisement. Mailed notice (cem) (Entered: 03/28/2003) |
| 03/31/2003 | 25 | MINUTE ORDER of 3/31/03 by Hon. Suzanne B. Conlon : Petitioner's motion to alter, amend and make clarifying findings concerning the 3/11/03 judgment [23-1] is denied. His alternative motion to stay the judgment [23-2] is granted. The judgment entered 3/11/03 is stayed pending resolution of |

| | | |
|---|---|---|
| | | petitioner's mental retardation claim. Mailed notices by judge's staff (cem) (Entered: 03/31/2003) |
| 03/31/2003 | 26 | MINUTE ORDER of 3/31/03 by Hon. Suzanne B. Conlon : Petitioner's motion for appointment of Dennis R. Olvera, Ph.D., a licensed psychologist, to evaluate petitioner's adaptive functioning [22-1] is granted. Dr. Olvera's fees and costs shall not exceed $5,000. Requests for payment must be submitted on appropriate court forms with the required substantiation. Mailed notices by judge's staff (cem) (Entered: 03/31/2003) |
| 11/05/2007 | 27 | MOTION by Plaintiff United States of America for reconsideration *To Reconsider* (Bindi, David) (Entered: 11/05/2007) |
| 11/06/2007 | 32 | MINUTE entry before Judge Suzanne B. Conlon : United States' motion to reconsider basis for rejecting ineffective assistance claim and for entry of judgment 27 is taken under advisement. Defendant shall respond by January 7, 2008. The motion will not be heard on November 13, 2007 as noticed.Mailed notice (rbf, ) (Entered: 11/15/2007) |
| 11/08/2007 | 28 | *Motion to Reconsider* NOTICE of Motion by David E. Bindi for presentment of before Honorable Suzanne B. Conlon on 11/13/2007 at 09:00 AM. (Bindi, David) (Entered: 11/08/2007) |
| 11/13/2007 | 29 | RESPONSE by Darryl Lamont Johnson to MOTION by Plaintiff United States of America for reconsideration *To Reconsider* 27 *in Light of Massaro v. United States* (Campbell, Terence) (Entered: 11/13/2007) |
| 11/13/2007 | 30 | MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* (Campbell, Terence) (Entered: 11/13/2007) |
| 11/13/2007 | 31 | MEMORANDUM by Darryl Lamont Johnson in support of motion for discovery 30 - *Renewed in Light of Massaro v. United States* (Campbell, Terence) (Entered: 11/13/2007) |
| 01/14/2008 | 34 | MINUTE entry before Judge Suzanne B. Conlon :The government's unopposed motion to reconsider the basis for rejecting defendant's ineffective assistance of counsel claim 27 is granted. A hearing is set on this issue as well as defendant's most recent motion for leave to conduct discovery 30 on January 30, 2008 at 01:30 pm. Mailed notice (gmr, ) (Entered: 01/17/2008) |
| 01/16/2008 | 33 | ATTORNEY Appearance for Defendant Darryl Lamont Johnson by Terence H. Campbell (Campbell, Terence) (Entered: 01/16/2008) |
| 01/24/2008 | 35 | MOTION by Defendant Darryl Lamont Johnson to continue *Hearing Date Due to Counsel's Trial Schedule* (Campbell, Terence) (Entered: 01/24/2008) |
| 01/24/2008 | 36 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion to continue 35 before Honorable Suzanne B. Conlon on 1/29/2008 at 09:00 AM. (Campbell, Terence) (Entered: 01/24/2008) |
| 01/29/2008 | 37 | MINUTE entry before Judge Suzanne B. Conlon : Agreed motion 35 to reset January 30, 2008 hearing due to counsel's trial schedule is granted. Hearing is reset on February 29, 2008 @ 1:30 p.m. Notices mailed by Judicial staff. |

| | | notice (wyh, ) (Entered: 02/01/2008) |
|---|---|---|
| 02/05/2008 | 38 | MINUTE entry before Judge Suzanne B. Conlon :Set hearing. On the court's own motion, the motion hearing set on February 29, 2008 at 1:30 p.m. is reset to February 29, 2008 at 9:00 a.m. Notices mailed by Judicial staff. (wyh, ) (Entered: 02/08/2008) |
| 02/28/2008 | 39 | SUPPLEMENT by Darryl Lamont Johnson to *Ineffective Assistance of Counsel Claim* (Attachments: # 1 Exhibit Jill Miller Affidavit# 2 Exhibit Exhibit A Attachments# 3 Exhibit Exhibits B-G)(Campbell, Terence) (Entered: 02/28/2008) |
| 02/28/2008 | 40 | NOTICE by Darryl Lamont Johnson re supplement 39 *in Support of Ineffective Assistance of Counsel Claim* (Campbell, Terence) (Entered: 02/28/2008) |
| 02/29/2008 | 41 | MINUTE entry before Judge Suzanne B. Conlon :Hearing held on defendant's motion to vacate his sentence pursuant to 28 U.S.C. Section 2255, and the government's motion to reconsider the basis for rejecting defendant's ineffective assistance claim. The government unopposed motion 27 is granted. The court vacates portions of its Memorandum Opinion and Order issued March 11, 2003 finding that defendant procedurally defaulted his ineffective assistance of counsel claim by not raising this issue on direct appeal. See Massaro v United States, 538 U.S. 500 (2003) (ineffective assistance of counsel claims may be raised in a collateral proceeding under Section 2255 even if not raised on direct appeal). The court therefore shall consider the ineffective assistance of counsel claim fully on the merits. Defendant's renewed motion for leave to conduct discovery 30 is held in abeyance. Notices mailed by Judicial staff. (wyh, ) (Entered: 03/05/2008) |
| 03/06/2008 | 42 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge William J. Hibbler Signed by Judge Executive Committee on 3/6/08. (vmj, ) (Entered: 03/10/2008) |
| 03/12/2008 | 43 | RESPONSE by Plaintiff United States of America (Bindi, David) (Entered: 03/12/2008) |
| 04/21/2008 | 44 | TRANSCRIPT of proceedings for the following dates: 2/29/2008; Before the Honorable Honorable Suzanne B. Conlon. (Document not scanned)(kjc, ) (Entered: 04/22/2008) |
| 05/20/2008 | 45 | MINUTE entry before the Honorable William J. Hibbler: Status hearing to set scheduling order set for 5/29/2008 at 09:30 AM. Mailed notice (jdh) (Entered: 05/22/2008) |
| 05/29/2008 | 46 | MINUTE entry before the Honorable William J. Hibbler: Status hearing reset to 6/3/2008 at 10:30 AM. Telephoned notice (jdh) (Entered: 06/03/2008) |
| 06/03/2008 | 48 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held and continued to 8/26/08 at 10:30 am. At the next status, the government is to report on the state of Darryl Johnsons adjustment in the BOP, and turnover as discovery materials any instances of either special administrative measures under the BOP regulations or statutory provisions providing for extraordinary |

| | | |
|---|---|---|
| | | security measures for inmates that were requested or imposed at the time of Darryl Johnson's sentencing that involved restrictions continuously. Defendants' counsel to tender to the Court a complete set of all pleadings since the 2255 petition was filed. Parties to tender to the Court any missing transcript pages. Mailed notice (kj, ) (Entered: 06/17/2008) |
| 06/17/2008 | 47 | TRANSCRIPT OF PROCEEDINGS held on 06/03/2008 before the Honorable William J. Hibbler. Court Reporter Contact Information: Alexandra Roth, 312/408-5038, Alexandra_Roth@ilnd.uscourts.gov.<br><br>**IMPORTANT:Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov. Under Quick Links select Electronic Transcript Procedures.**<br><br>Redaction Request due 7/8/2008. Redacted Transcript Deadline set for 7/18/2008. Release of Transcript Restriction set for 9/15/2008. (Roth, Alexandra) (Entered: 06/17/2008) |
| 08/26/2008 | 49 | MINUTE entry before the Honorable William J. Hibbler:Status hearing held on 8/26/2008 and continued to 10/21/2008 at 10:00 a.m.Mailed notice (jlj, ) (Entered: 08/27/2008) |
| 09/22/2008 | 50 | TRANSCRIPT OF PROCEEDINGS held on 08/26/2008 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, 312/408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/14/2008. Redacted Transcript Deadline set for 10/23/2008. Release of Transcript Restriction set for 12/22/2008. (Roth, Alexandra) (Entered: 09/22/2008) |
| 09/25/2008 | 51 | MINUTE entry before the Honorable William J. Hibbler: Petitioner's ex parte motion for interim payment of fees is granted. Payment of interim attorneys' fees and expenses is appropriate under the Criminal Justice Act because, due to the length and complexity of this case, the appointed attorneys in this matter will experience a hardship in undertaking the representation without compensation for a substantial period of time. Telephoned notice (aac, ) (Entered: 09/29/2008) |
| 09/29/2008 | | (Court only) FORWARDED Minute Order dated 9/25/2008 to Fiscal Department. (aac, ) (Entered: 09/29/2008) |

| | | |
|---|---|---|
| 10/21/2008 | 52 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held on 10/21/2008 and continued to 1/8/2009 at 10:00 AM. Defendant to file discovery request by 11/21/0-8. Government to respond by 12/5/08. Defendant to reply by 12/15/08. Ruling set for 1/8/09 at 10:00 a.m. Mailed notice (jdh) (Entered: 10/22/2008) |
| 11/24/2008 | 53 | MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed and Amended* (Campbell, Terence) (Entered: 11/24/2008) |
| 11/24/2008 | 54 | MOTION by Defendant Darryl Lamont JohnsonLeave to File Expert Funding Requests Ex Parte and Under Seal (Campbell, Terence) (Entered: 11/24/2008) |
| 11/26/2008 | 55 | MOTION by Defendant Darryl Lamont Johnson for leave to file *Motions Instanter* (Campbell, Terence) (Entered: 11/26/2008) |
| 11/26/2008 | 56 | NOTICE of Motion by Terence H. Campbell for presentment of motion for leave to file 55 before Honorable William J. Hibbler on 12/4/2008 at 09:30 AM. (Campbell, Terence) (Entered: 11/26/2008) |
| 12/03/2008 | 57 | MINUTE entry before the Honorable William J. Hibbler: Agreed Motion for leave to file his renewed discovery and for leave to seek expert funding ex parte funding motions instanter 54 55 is granted. The previously set briefing schedule to stand. Mailed notice (jdh) (Entered: 12/03/2008) |
| 12/05/2008 | 58 | MOTION by Plaintiff United States of America for extension of time (Bindi, David) (Entered: 12/05/2008) |
| 12/05/2008 | 59 | NOTICE of Motion by David E. Bindi for presentment of extension of time 58 before Honorable William J. Hibbler on 12/11/2008 at 09:30 AM. (Bindi, David) (Entered: 12/05/2008) |
| 12/10/2008 | 60 | MINUTE entry before the Honorable William J. Hibbler: Government's Agreed Motion for an extension of time to respond to petitioner's discovery and expert witness motions 58 is granted. Government to respond by 12/19/2008. Petitioner to reply by 1/8/2009. Ruling to reset to 2/4/09 at 10:00 a.m. Mailed notice (jdh) (Entered: 12/10/2008) |
| 12/10/2008 | | (Court only) In Court hearing set for 2/4/2008 at 10:00 AM. (jdh) (Entered: 12/10/2008) |
| 12/19/2008 | 61 | RESPONSE by Plaintiff United States of America *to discovery motions* (Attachments: # 1 Appendix)(Bindi, David) (Entered: 12/19/2008) |
| 01/07/2009 | 62 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file response/reply - *AGREED* (Campbell, Terence) (Entered: 01/07/2009) |
| 01/07/2009 | 63 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file response/reply 62 before Honorable William J. Hibbler on 1/13/2009 at 09:30 AM. (Campbell, Terence) (Entered: 01/07/2009) |
| 01/12/2009 | 64 | MINUTE entry before the Honorable William J. Hibbler: Defendant's Agreed Motion for short extension of time until 1/15/09 to file reply brief regarding MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed and* |

| | | |
|---|---|---|
| | | *Amended* 53 , MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* 30 62 is granted. Ruling on motion for discovery 53 , motion for discovery 30 before Honorable William J. Hibbler on 2/4/2009 at 10:00 AM. Mailed notice (jdh) (Entered: 01/12/2009) |
| 01/15/2009 | 65 | REPLY by Defendant Darryl Lamont Johnson to Response 61 , motion for discovery 53 (Campbell, Terence) (Entered: 01/15/2009) |
| 01/15/2009 | 66 | INCORRECT Document Linked(Campbell, Terence) Modified on 1/16/2009 (aac, ). (Entered: 01/15/2009) |
| 01/16/2009 | 67 | NOTICE of Correction regarding 66 . (aac, ) (Entered: 01/16/2009) |
| 01/16/2009 | 68 | NOTICE by Darryl Lamont Johnson re reply 65 *In Support of Renewed and Amended Motion For Discovery* (Campbell, Terence) (Entered: 01/16/2009) |
| 02/04/2009 | 69 | MINUTE entry before the Honorable William J. Hibbler: Motion hearing held on 2/4/2009. The Court will rule on defendant's motion for discovery 53 by mail. Mailed notice (jdh) (Entered: 02/04/2009) |
| 05/15/2009 | 70 | MINUTE entry before the Honorable William J. Hibbler: Enter Memorandum Opinion and Order. The Court DENIES Defendant's Motion for Discovery (Doc. # 53 ). Status hearing set for 5/26/09 at 10:00 a.m. [ For further detail see separate order(s).] Mailed notice (aac, ) (Entered: 05/19/2009) |
| 05/15/2009 | 71 | MEMORANDUM Opinion and Order. Signed by the Honorable William J. Hibbler on 5/15/2009. (aac, ) (Entered: 05/19/2009) |
| 05/26/2009 | 72 | MINUTE entry before the Honorable William J. Hibbler: Status hearing reset to 6/9/2009 at 9:30 AM. Mailed notice (jdh) (Entered: 05/27/2009) |
| 06/09/2009 | 73 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held. Petitioner to file additional motions with supporting memoranda by 7/31/09. Government to respond by 8/31/09. Petitioner to reply by 9/21/09. Ruling by mail. Mailed notice (aac, ) (Entered: 06/10/2009) |
| 07/17/2009 | 74 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *Brief in Support of Relief Under Sec. 2255 Petition* (Campbell, Terence) (Entered: 07/17/2009) |
| 07/17/2009 | 75 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file 74 before Honorable William J. Hibbler on 7/22/2009 at 09:30 AM. (Campbell, Terence) (Entered: 07/17/2009) |
| 07/21/2009 | 76 | MINUTE entry before the Honorable William J. Hibbler: Agreed motion to modify briefing schedule 74 is granted. Petitioner's brief in support of his claim for relief under Section 2255 to be filed by 8/28/2009. Government to respond by 9/28/2009. Petitioner to reply by 10/19/2009. Ruling by mail. Mailed notice (jdh) (Entered: 07/21/2009) |
| 08/19/2009 | 77 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *brief* (Campbell, Terence) (Entered: 08/19/2009) |
| 08/19/2009 | 78 | NOTICE of Motion by Terence H. Campbell for presentment of motion for |

| | | |
|---|---|---|
| | | extension of time to file 77 before Honorable William J. Hibbler on 8/25/2009 at 09:30 AM. (Campbell, Terence) (Entered: 08/19/2009) |
| 08/20/2009 | 79 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *brief* (Campbell, Terence) (Entered: 08/20/2009) |
| 08/20/2009 | 80 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file 79 before Honorable William J. Hibbler on 8/25/2009 at 09:30 AM. (Campbell, Terence) (Entered: 08/20/2009) |
| 08/24/2009 | 81 | MINUTE entry before the Honorable William J. Hibbler: Motion to modify briefing schedule 77 is withdrawn as moot. Agreed Amended Motion to modify briefing schedule 79 is granted. Petitioner's brief in support of his claim for relief under Section 2255 to be filed by 11/10/09. Government to respond by 12/10/09. Petitioner to reply by 1/11/10. Ruling by mail. Mailed notice (jdh) (Entered: 08/24/2009) |
| 10/30/2009 | 82 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file *Brief* (Campbell, Terence) (Entered: 10/30/2009) |
| 10/30/2009 | 83 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of motion for extension of time to file 82 before Honorable William J. Hibbler on 11/3/2009 at 09:30 AM. (Campbell, Terence) (Entered: 10/30/2009) |
| 11/02/2009 | 84 | MINUTE entry before the Honorable William J. Hibbler: Petitioner's Motion to modify briefing schedule 82 is granted. Petitioner's initial brief to be due by 12/17/09. Government to respond by 1/22/10. Petitioner to reply by 2/19/10. Ruling by mail. Mailed notice (jdh) (Entered: 11/02/2009) |
| 12/17/2009 | 85 | MEMORANDUM by Darryl Lamont Johnson - *Supplemental in Support of Ineffective Assistance Claim* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit, # 5 Exhibit, # 6 Exhibit, # 7 Affidavit, # 8 Exhibit) (Campbell, Terence) (Entered: 12/17/2009) |
| 12/17/2009 | 86 | MEMORANDUM *In Support of Motion to Reconsider Brady Claim* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit) (Campbell, Terence) (Entered: 12/18/2009) |
| 12/18/2009 | 87 | MEMORANDUM - *Corrected - In Support of Reconsideration of Brady and Johnson v. Mississippi Claims* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit)(Campbell, Terence) (Entered: 12/18/2009) |
| 12/21/2009 | 88 | MOTION by Defendant Darryl Lamont JohnsonConsideration of Brady v. Maryland and Johnson v. Mississippi Claims (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Affidavit, # 4 Affidavit)(Campbell, Terence) (Entered: 12/21/2009) |
| 12/21/2009 | 89 | NOTICE of Correction regarding 87 . (aac, ) (Entered: 12/21/2009) |
| 01/15/2010 | 90 | MOTION by Plaintiff United States of America for extension of time to file response/reply (Bindi, David) (Entered: 01/15/2010) |
| 01/15/2010 | 91 | NOTICE of Motion by David E. Bindi for presentment of before Honorable William J. Hibbler on 1/21/2010 at 09:30 AM. (Bindi, David) (Entered: |

| | | 01/15/2010) |
|---|---|---|
| 01/20/2010 | 92 | MINUTE entry before Honorable William J. Hibbler: Government's Motion for extension of time until 2/22/2010 to file response regarding MOTION by Defendant Darryl Lamont Johnson Consideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 90 is granted. Petitioner's reply due by 3/31/2010. Ruling by mail. Mailed notice (jdh) (Entered: 01/20/2010) |
| 02/12/2010 | 93 | MOTION by Plaintiff United States of America for extension of time (Bindi, David) (Entered: 02/12/2010) |
| 02/12/2010 | 94 | NOTICE of Motion by David E. Bindi for presentment of extension of time 93 before Honorable William J. Hibbler on 2/18/2010 at 09:30 AM. (Bindi, David) (Entered: 02/12/2010) |
| 02/17/2010 | 95 | MINUTE entry before Honorable William J. Hibbler: Government's Agreed Motion for extension of time until 3/24/2010 to respond to petitioner's supplemental briefs 93 is granted. Mailed notice (jdh) (Entered: 02/17/2010) |
| 03/17/2010 | 96 | MOTION by Plaintiff United States of America for extension of time to file response/reply as to memorandum in support of motion 86 , memorandum, 85 (Bindi, David) (Entered: 03/17/2010) |
| 03/17/2010 | 97 | NOTICE of Motion by David E. Bindi for presentment of motion for extension of time to file response/reply, motion for relief, 96 before Honorable William J. Hibbler on 3/23/2010 at 09:30 AM. (Bindi, David) (Entered: 03/17/2010) |
| 03/22/2010 | 98 | MINUTE entry before Honorable William J. Hibbler: Government's Agreed Motion for an extension of time until 5/10/2010 to respond to petitioner's supplemental briefs 96 is granted. Petitioner's reply due by 6/28/2010. Ruling by mail. Mailed notice (jdh) (Entered: 03/22/2010) |
| 05/10/2010 | 99 | RESPONSE by Plaintiff United States of America *to supplemental briefs* (Bindi, David) (Entered: 05/10/2010) |
| 06/01/2010 | 100 | MOTION by Defendant Darryl Lamont Johnson for extension of time to file response/reply - *AGREED* (Campbell, Terence) (Entered: 06/01/2010) |
| 06/01/2010 | 101 | *Agreed* NOTICE of Motion by Terence H. Campbell for presentment of before Honorable William J. Hibbler on 6/8/2010 at 09:30 AM. (Campbell, Terence) (Entered: 06/01/2010) |
| 06/07/2010 | 102 | MINUTE entry before Honorable William J. Hibbler: Agreed Motion to modify briefing schedule regarding MOTION by Defendant Darryl Lamont Johnson Consideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 100 is granted. Petitioner's reply due by 8/6/2010. Ruling by mail. Mailed notice (jdh) (Entered: 06/07/2010) |
| 08/02/2010 | 103 | MOTION by Defendant Darryl Lamont Johnson for extension of time - *AGREED* (Campbell, Terence) (Entered: 08/02/2010) |
| 08/02/2010 | 104 | *AGREED* NOTICE of Motion by Terence H. Campbell for presentment of extension of time 103 before Honorable William J. Hibbler on 8/5/2010 at |

| | | |
|---|---|---|
| | | 09:30 AM. (Campbell, Terence) (Entered: 08/02/2010) |
| 08/04/2010 | 105 | MINUTE entry before Honorable William J. Hibbler: Petitioner's Agreed Motion for extension of time until 8/16/2010 to file reply brief 103 is granted. Mailed notice (jdh) (Entered: 08/04/2010) |
| 08/16/2010 | 106 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Ineffective Assistance of Counsel Claim* (Campbell, Terence) (Entered: 08/16/2010) |
| 08/16/2010 | 107 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Brady v. Maryland and Johnson v. Mississippi Claims* (Campbell, Terence) (Entered: 08/16/2010) |
| 08/17/2010 | 108 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Ineffective Assistance of Counsel Claim - Corrected* (Campbell, Terence) (Entered: 08/17/2010) |
| 08/17/2010 | 109 | REPLY by Defendant Darryl Lamont Johnson *In Support of His Brady v. Maryland and Johnson v. Mississippi Claims - Corrected* (Campbell, Terence) (Entered: 08/17/2010) |
| 11/05/2010 | 110 | MOTION by Defendant Darryl Lamont Johnson for leave to conduct discovery and supporting memorandum of law. (ph, ) (Entered: 11/08/2010) |
| 12/13/2010 | 111 | MINUTE entry before Honorable William T. Hart:Enter Memorandum Opinion and Order. The court grants Defendant - Movant's motion to vacate his sentence 1 . all other motions are terminated as moot. Mailed notice. (kj, ) (Entered: 12/16/2010) |
| 12/13/2010 | | (Court only) ***Documents terminated: MOTION by Defendant Darryl Lamont Johnson for discovery 110 , MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* 30 , MOTION by Defendant Darryl Lamont JohnsonConsideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 ., ***Motions terminated: MOTION by Defendant Darryl Lamont Johnson for discovery 110 , MOTION by Defendant Darryl Lamont Johnson for discovery - *Renewed Based on Massaro v. United States* 30 , MOTION by Defendant Darryl Lamont JohnsonConsideration of Brady v. Maryland and Johnson v. Mississippi Claims 88 , ***Deadlines terminated. (kj, ) (Entered: 12/16/2010) |
| 12/13/2010 | 112 | MEMORANDUM Opinion and Order Signed by the Honorable William J. Hibbler on 12/13/2010.(kj, ) Modified on 12/17/2010 (kj, ). (Entered: 12/16/2010) |
| 12/13/2010 | 113 | ENTERED JUDGMENT.(kj, ) (Entered: 12/16/2010) |
| 12/17/2010 | 114 | NOTICE of Correction regarding 112 . (kj, ) (Entered: 12/17/2010) |
| 02/10/2011 | 115 | NOTICE of appeal by United States of America regarding orders 113 (Bindi, David) (Entered: 02/10/2011) |
| 02/10/2011 | 116 | NOTICE of Appeal Due letter sent to counsel of record. (gel, ) (Entered: 02/10/2011) |