IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Nos. 11-1326, 11-1443

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal from the United States |
| Respondent-Appellant, | ) | District Court for the Northern |
| Cross-Appellee, | ) | District of Illinois, Eastern Division |
| | ) | |
| vs. | ) | No. 02 C 6998 |
| | ) | |
| DARRYL L. JOHNSON, | ) | Honorable William J. Hibbler, |
| Petitioner-Appellee, | ) | Judge Presiding. |
| Cross-Appellant, | ) | |

## AGREED MOTION TO STAY APPEALS AND SUSPEND BRIEFING ON MOTION TO DISMISS, APPEAL AND CROSS-APPEAL

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, in agreement with petitioner, through his counsel, Terence H. Campbell, moves this Court to stay their appeals, and suspend briefing on petitioner's motion to dismiss the government's appeal for lack of jurisdiction, the government's appeal, and petitioner's cross-appeal. In support, the government states as follows.

1. Petitioner is under sentence of death, a judgment affirmed by this court on direct appeal. *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000), *cert. denied*, 534 U.S. 829 (2001). He filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 in which he raised several challenges to his sentence, but

none regarding any of his convictions.

2. On December 16, 2010, judgment was entered by the district court in petitioner's favor on one claim of ineffective assistance of counsel at the sentencing hearing. R. 112, 113. The court ordered a new sentencing hearing on that basis. *Id.* A predecessor judge had denied relief on most of the other claims raised by petitioner. R. 20. Petitioner sought to reopen some of them, and raise additional claims, but the district court did not adjudicate these. R.113.

3. On February 10, 2011, the government filed a notice of appeal. R. 117. On February 23, 2011, petitioner filed a notice of cross-appeal, R. 129, and a motion in this Court to dismiss the government's appeal for lack of jurisdiction. The government has been ordered to file a response to the motion to dismiss by March 9, 2011, and the government's brief is due by March 22, 2011.

4. The motion to dismiss cites *Unites States v. Andrews*, 373 U.S. 334 (1963), among other authorities, for the proposition that when a district court grants §2255 relief and orders a new sentencing hearing, the circuit courts lack jurisdiction over a government appeal until the new sentence has been imposed. The motion further cites *United States v. Hammer*, 564 F.3d 628 (3rd Cir. 2009), as holding that this applies to re-sentencing in capital cases as well. The Department of Justice takes the position that capital re-sentencings are more

2

like retrials than non-capital re-sentencings, and § 2255 relief granting a new trial is immediately appealable. *United States v. Gordon*, 156 F.3d 376, 378-379 (2nd Cir. 1998).

5. Approval of the Solicitor General is required for government appeals (with exceptions not relevant here), but the Solicitor General has not yet decided whether to authorize this government appeal. Our notice of appeal was protective, and was filed because the deadline was looming.

6. Typically when this situation arises, the government moves to extend the time to file its brief, as necessary, until the authorization question is decided. In this case, the parties agree, the motion to dismiss and the cross-appeal complicate matters somewhat. All will become moot if the Solicitor General denies authorization for the government appeal, because petitioner will have everything he wants – a dismissal of the government's appeal and a new sentencing hearing – without the need for this Court to review. The parties believe that staying the appeal and cross-appeal, and suspending briefing on both appeals and the motion to dismiss is appropriate under these circumstances.

7. If the government is authorized to pursue its appeal, we will immediately advise the Court, by way of a status report. If appeal is not authorized, we will immediately move to dismiss our appeal, which should

make petitioner's motion to dismiss and cross-appeal moot.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court stay the appeals, and suspend briefing on the motion to dismiss, the appeal, and the cross-appeal, pending a government status report or a government motion to dismiss its appeal.

Respectfully Submitted,

PATRICK J. FITZGERALD,
United States Attorney

By: _____
DAVID E. BINDI
Assistant U.S. Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 886-7643

4

# CERTIFICATE OF SERVICE

I, David E. Bindi, hereby certify that on March 2, 2011 I caused copies of

the foregoing AGREED MOTION TO STAY APPEALS AND SUSPEND

BRIEFING ON MOTION TO DISMISS, APPEAL AND CROSS-APPEAL

to be served on the following by first-class, postage paid mail:

Terrence Campbell
Cotsirilos, Tighe & Streicker, Ltd.
33 North Dearborn Street
Suite 600
Chicago, Illinois 60602

Lorinda Meier Youngcourt
P.O. Box 206
Huron, Indiana 47437-0206

Respectfully Submitted,

PATRICK J. FITZGERALD,
United States Attorney

By: _____
DAVID E. BINDI
Assistant U.S. Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 886-7643